**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| HEARTLAND FOOD PRODUCTS, LLC,  ) | |
|                         ) | |
|              Plaintiff,     ) | |
|                         ) | |
| v.                           ) | Case No. 18-cv-2250-JAR-TJJ |
|                         ) | |
| E. ALLEN FLEENER,        ) | |
|                         ) | |
|            Defendant.    ) | |

**<u>MEMORANDUM AND ORDER</u>**

Before the Court is E. Allen Fleener's Motion to Compel Production of Documents from

Heartland Food Products and Roch Capital (ECF No. 31).[1] Heartland and Roch oppose the

motion (ECF No. 35). E. Allen Fleener ("Fleener") has not filed a reply, and the time to do so

has passed.[2] For the reasons discussed below, the Court denies the motion.

**I.    Relevant Background**

The Court conducted a scheduling conference in this case on November 7, 2018. In the

Scheduling Order that followed, the Court incorporated the parties' agreement regarding

production of electronically stored information ("ESI").[3] The agreement states, in relevant part:

> "It is anticipated that both parties will issue targeted requests for
> email communications relating to Fleener's work at Heartland, but
> no open-ended ESI reviews will be required. . . . The parties have
> agreed that any ESI will be produced in pdf format, and the parties
> will maintain the searchability of any documents already imaged.
> For those documents which do not lend themselves to pdf

---

[1] Defendant Fleener is also the Counterclaim Plaintiff. His counterclaims are against Plaintiff Heartland Food
Products, LLC and third-party Counterclaim Defendant Roch Capital, Inc. For clarification, the Court will reference
these parties as "Heartland" and "Roch," respectively.

[2] *See* D. Kan. Rule 6.1(d)(1) ("Responses to non-dispositive motions . . . must be filed and served within 14 days.
Replies must be filed and served within 14 days of the service of the response.").

[3] *See* ECF No. 19 at 6.

production (*e.g.*, Excel documents), the parties have agreed to produce those documents in native format."[4]

The Scheduling Order also "instructed counsel to review the ESI Guidelines" on the Court's website.[5]

On May 7, 2019, Fleener filed the pending motion. Fleener states he issued requests for production of documents, including email communications, on January 31, 2019.[6] After agreed-upon extensions, "Heartland and Roch attempted to produce documents via a link to download the documents from their counsel's share file system" but Fleener was unable to open any of the files, which Fleener says "were in an .rar format."[7] After conferring, Fleener learned "the documents had been converted to a tif format and then compressed into an .rar file."[8] Heartland and Roch then agreed to produce documents other than emails in PDF and/or native format.[9] Fleener complains that Heartland and Roch refused to do the same with the emails and did not label the emails produced according to request number.[10] Fleener requests that Heartland and Roch produce the responsive emails again in either PDF or native format as agreed upon by the parties, and that Heartland and Roch identify by Bates number which emails are responsive to which requests.

Heartland and Roch state they produced more than 21,000 emails, plus attachments, as TIFF images with accompanying load files. They contend, without citing any authority, this is "the industry best practice for large ESI production because (i) it preserves metadata, as required

---

[4] *Id.*

[5] *Id.*

[6] ECF No. 31 at 2, ¶ 3.

[7] *Id.* at ¶¶ 5–6.

[8] *Id.* at ¶ 8.

[9] *Id.* at ¶ 9.

[10] *Id.* at 3.

by the federal rules; (ii) it maintains the integrity of 'families' – *i.e.*, emails are associated with their attachments; and (iii) it permits the production to be uploaded to a document review platform, which is the only practical way to review large data sets."[11] Heartland and Roch state the emails had to be produced "using compression/zip software" because of the size of the data set, and they attempted to help Fleener download the necessary software to "unzip the documents" but Fleener was still unable to do so.[12] Heartland and Roch claim regardless of whether the file type is TIFF or PDF format, "the documents would still have to be compressed in order to be delivered; 21,000 emails and attachments cannot be efficiently delivered one at a time."[13] Heartland and Roch argue their document production is in the form required of ESI production pursuant to Fed. R. Civ. P. 34, and also pursuant to that rule, they produced the documents as kept in the usual course of business, and thus are not required to organize and label them.[14]

## II.     Analysis

Federal Rule of Civil Procedure 34 discusses production of documents and ESI. Rule 34(b)(2)(E) states:

> Unless otherwise stipulated or ordered by the court, these procedures apply to producing documents or electronically stored information: (i) A party must produce the documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request; (ii) If a request does not specify a form for producing electronically stored information, a party must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms; and (iii) A party need not produce the same electronically stored information in more than one form.

---

[11] ECF No. 35 at 1.

[12] *Id.* at 2–3.

[13] *Id.* at 3.

[14] *Id.* at 3–5.

Although the parties did agree that "any ESI" would be produced in PDF format, they also agreed they would "issue targeted requests for email communications relating to Fleener's work at Heartland, but no open-ended ESI reviews [would] be required." This creates an ambiguity in the parties' agreement. The agreement to produce ESI in PDF format contemplated only targeted requests for email communications. Heartland argues, and the Court agrees, that Fleener's requests are not targeted and are instead open-ended, so the agreement to produce in PDF format does not apply to these requests. For example, many of the requests seek "all communications" or "all documents" with no limitation as to time frame or subject matter.[15] Additionally, Fleener's requests did not specify a format for production. So, absent an agreement, pursuant to Fed. R. Civ. P. 34(b)(2)(E)(ii), the responding party has discretion to choose the format for production. Heartland and Roch chose to produce the emails in TIFF format with accompanying load files in order to preserve metadata and keep emails and their corresponding attachments together. For the reasons discussed below, the Court finds this was a reasonable form for producing the emails, and Heartland and Roch will not be required to also produce the emails as PDFs.[16]

The Court's ESI Guidelines, which the parties were instructed to review, state .PDF and .TIF formats are both "static" formats, meaning they create an image of the document as it originally appeared in native format but usually without retaining any metadata.[17] However, Heartland and Roch have represented that their production of the requested emails "as TIFF

---

[15] *See generally* ECF No. 35-1.

[16] *See* Fed. R. Civ. P. 34(b)(2)(E)(ii)–(iii).

[17] *See Guidelines for Cases Involving Electronically Stored Information (ESI)*, http://ksd.uscourts.gov/wp-content/uploads/2015/10/Guidelines-for-cases-involving-ESI-July-18-2013.pdf. The Court takes no position regarding whether production as TIFF images with accompanying load files is "the industry best practice" for large ESI production, as Heartland and Roch assert. Rather, the Court notes that both TIFF and PDF are static formats recognized in the Court's Guidelines.

images with accompanying load files" preserves the metadata. Heartland and Roch also offer several other reasons for why this type of production would be preferred. Specifically, they note "production in pdf would not have maintained all of the relevant metadata."[18] And, it would be difficult if not impossible to search or organize a file folder containing 21,000 individual PDFs.[19] Additionally, they maintain production in PDF takes up more space and is more expensive to maintain.[20] Fleener failed to file a reply disputing any of these representations, so the Court accepts them as accurate. And, conversely, Fleener offers no rationale for his request that the documents be produced in PDF format other than to cite the parties' agreement, which the Court has found inapplicable in this situation because his requests were not targeted.

Finally, Heartland and Roch state they produced the emails as they were kept in the usual course of business.[21] Therefore, they contend, pursuant to Fed. R. Civ. P. 34(b)(2)(E)(i), they are not required to organize and label them.

Rule 34(b)(2)(E)(i) makes it clear that "a producing party has the discretion to produce the documents as they are organized in the ordinary course *or* to produce them by document request. . . . Generally, a producing party produces emails in the usual course when it provides sufficient information about the email, typically including the custodian for the email, information to link emails with attachments, and the date and time the email was sent or

---

[18] ECF No. 35 at 3.

[19] *Id.*

[20] *Id.* at 4.

[21] *Id.* Heartland and Roch state "the documents were gathered by a simple search of Mr. Fleener's name and the names of the other individuals from whom he had sought correspondence in his requests. They were then produced in the order of the hits, without any reorganization or manipulation, with each email's attachment(s) adjoining the email to which it corresponded. Heartland and Roch Capital did not review the documents, and so did not change the order." *Id.* at 5.

received."[22] The Court finds Heartland and Roch produced the emails at issue as the emails were kept in the usual course of business, and thus they were not required to label them by document request.

Heartland and Roch's production of emails in TIFF format with load files as kept in the usual course of business was proper in this case. Therefore, Fleener's motion to compel is denied.[23]

**IT IS THEREFORE ORDERED BY THE COURT** that E. Allen Fleener's Motion to Compel Production of Documents from Heartland Food Products and Roch Capital (ECF No. 31) is denied.

**IT IS SO ORDERED.**

Dated June 17, 2019, at Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge

---

[22] David J. Kessler & Daniel L. Regard II, *Format of Production, in* THE FEDERAL JUDGES' GUIDE TO DISCOVERY EDITION 3.0 186, 189 (The Electronic Discovery Institute, 2017) (emphasis added).

[23] The Court notes that Fleener alleges Heartland and Roch produced the documents at issue in the disputed format without conferring with Fleener. Although, as discussed, the Court finds Heartland and Roch had discretion to choose the format of production because no applicable agreement existed between the parties, it appears this dispute may have been resolved without the Court's intervention if Heartland and Roch had communicated with Fleener regarding their intent to produce the responsive emails in TIFF format prior to the initial ESI production. Likewise, Heartland and Roch argue Fleener did not confer regarding the issue of labeling the emails (ECF No. 35 at 4). The parties are reminded of their duty to confer pursuant to D. Kan. 37.2.